## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **JASON TAYLOR** | **CIVIL ACTION NO. 1:20-CV-01146** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EMC PROPERTY & CASUALTY INSURANCE COMPANY, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

### MEMORANDUM RULING

Pending before the Court is a Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue ("the Motion") [Doc. 10] filed by Defendants. For reasons which follow, Defendants' motion is DENIED.

### PROCEDURAL HISTORY

On July 22, 2020, Plaintiff filed suit in the 9th Judicial District Court, Parish of Rapides, State of Louisiana, against Paul Alexander, Riley Harris Construction, LP, and EMC Property and Casualty Insurance Company (collectively "Defendants"). [Doc. 1-1]. On August 31, 2020, Defendants filed an Answer and an Exception of Improper Venue. [Doc. 1-3]. On September 3, 2020, before the state court had an opportunity to rule on Defendants' Exception, Defendants filed a Notice of Removal in the United States District Court for the Western District of Louisiana, Alexandria Division, based on diversity of citizenship. [Doc. 1]. On January 6, 2021, Defendants filed this Motion [Doc. 10], to which Plaintiff filed an Opposition on January 7, 2021. [Doc. 12].

## LAW AND ANALYSIS

Although the parties have extensively briefed whether this action was properly filed in state district court in Rapides Parish, such a determination is unnecessary to resolve the instant motion. When an action is removed from state court to federal court, it is removed to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The general venue statute that applies to cases originally filed in federal court, 28 U.S.C. § 1391, does not apply in removed cases. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a)....").

Further, "[e]ven if venue is improper in the state court where the action was originally filed, a defendant's voluntary application for removal to federal district court confers venue over the defendant."[1] *Budget Prepay Inc. v. Qwest Commc'ns Co. L.L.C.*, No. 09-149, 2009 WL 1604995, at *1 (W.D. La. June 8, 2009) (citing *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001) ("For our purposes it is sufficient to recognize that, as a matter of law, § 1441(a) established federal venue in the district court where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed.")); *Robles v. USA*

---

[1] Prior to 1986, federal courts could not obtain, through removal, jurisdiction over a claim as to which the state court had no jurisdiction under the doctrine of derivative removal jurisdiction. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1528 (5th Cir.1991). That doctrine was abolished when 28 U.S.C. § 1441 was amended to state that a court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the state court from which such civil action is removed did not have jurisdiction over that claim. *See* 28 U.S.C. § 1441(f).

*Truck Inc.*, No. 08-122, 2009 WL 677835, at *3 (S.D. Tex. Mar. 12, 2009) ("Defendant conferred venue on this Court by its voluntary act of removal. This Court finds that the fact that § 1441(a) establishes venue as a matter of law here precludes Defendant's instant Motion to Dismiss or Transfer Venue pursuant to § 1406(a) based on improper venue."); *Serrano v. U.S. Fire Ins.* Co. No. 00-255, 2000 WL 33348220, at *2 (W.D. Tex. Nov. 7, 2000) ("[T]he only proper way to assert a challenge to venue, without flouting the venue provisions of 28 U.S.C. § 1441, is to do so pursuant to 28 U.S.C. § 1404(a), rather than 28 U.S.C. § 1406(a). The latter section is only applicable in cases in which there is improper venue, and venue in removed cases is proper under 28 U.S.C. § 1441, even where it would not comply with the venue requirements of 28 U.S.C. § 1391."); *Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F.Supp. 503, 504 (N.D. Tex. 1998) ("[V]enue is proper in ... the district and division embracing the place where the action was pending at the time of removal.").

Accordingly, venue is proper in this Court regardless of whether it was proper in state court because the United States District Court for the Western District of Louisiana, Alexandria Division, "embraces" the 9th Judicial District Court, Parish of Rapides, State of Louisiana, where the action was pending at the time of removal.[2]

---

[2] The Court also notes that, even if state venue provisions were applicable, Rapides Parish was, in fact, a proper venue in which to file the state action. Specifically, Rapides Parish is proper under Louisiana's Direct Action Statue, La. R.S. 22:1269(B)(1), because one of the insureds, Alexander, could be sued "in the parish of the plaintiff's domicile." La. C.C.P. art. 42(5).

## Conclusion

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue [Doc. 10] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 28th day of January, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE